IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN DAVID MILLSAP**                                                                   **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:13-CV-80-KS-MTP**

**WENDY CROSBY,** *et al.*                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants** the Motion to Dismiss [22] filed by Defendant LaQuanda Barnes.

Plaintiff asserted Section 1983 claims against Defendant Barnes – the plant manager for his former employer, Southern Hens – for violation of the Fourteenth Amendment right to due process, and violation of the Eighth Amendment right to be free from cruel and unusual punishment.

**A.**     *Section 1983*

"A viable claim under § 1983 alleges (1) 'a violation of a right secured by the Constitution or laws of the United States,' and (2) 'that the alleged deprivation was committed by a person acting under color of state law.'" *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001 n. 16 (5th Cir. 2014) (quoting *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. A plaintiff must show that the party charged with depriving the plaintiff of [his] federal right is an entity that can be

fairly described as a state actor." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

According to Plaintiff's Amended Complaint [14], Defendant LaQuanda Barnes is a plant manager for Southern Hens. He alleged no facts indicating that, at the time of her alleged actions, she was a state actor. Accordingly, the Court grants her motion to dismiss with respect to Plaintiff's Section 1983 claims against him.

### B.   *Employment-Related Claims*

Plaintiff also asserted certain employment-related claims against Defendant Barnes. Specifically, he contends that Barnes subjected him to an unsafe working environment, harassed him, and overworked him. He failed, however, to specify the law under which these employment-related claims arise.

Nothing in Plaintiff's Amended Complaint indicates that he was discriminated against or mistreated because of any protected characteristic. Therefore, the Court will assume that he did not intend to plead claims under Title VII, the ADEA, the ADA, or the Rehabilitation Act.[1] Likewise, the Court will assume that Plaintiff did not intend

---

[1]Even if Plaintiff intended to assert a claim against Barnes under these federal laws, Barnes was not Plaintiff's employer – Southern Hens was. Therefore, she can not be individually liable under those federal employment laws. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 (5th Cir. 2012) (plaintiff could not sue individual defendants in their individual capacities under ADA and Rehabilitation Act); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) ("ADEA provides no basis for individual liabiltiy for supervisory employees."); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (plaintiff could not sue individual supervisor under Rehabilitation Act because she was not the recipient of federal funds); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) (individuals not liable under Title VII unless they meet statutory definition of employer).

to proceed under state law, in light of his failure to cite or refer to any Mississippi law in his Amended Complaint. Indeed, Plaintiff framed all of his claims as concerning violations of the United States Constitution. The Court concludes, therefore, that Plaintiff claims that these alleged employment-related actions were also violations of the Fourteenth and Eighth Amendments, actionable under Section 1983. Accordingly, the Court dismisses them for the same reason stated above.

## C.     *Conclusion*

For the reasons stated above, the Court **grants** the Motion to Dismiss [22] filed by Defendant LaQuanda Barnes. Plaintiff's claims against her are dismissed with prejudice.

SO ORDERED AND ADJUDGED this 9th day of June, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE