IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN DAVID MILLSAP**                                                    **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 2:13-CV-80-KS-MTP**

**WENDY CROSBY,** *et al.*                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants** the Motion for Summary Judgment [30] filed by Defendants Dianne Spears and Wendy Crosby and **grants** the Motion for Summary Judgment [37] filed by Defendant Kim Nelson.

**I. BACKGROUND**

Plaintiff claims to have quit his job. He applied for and was denied unemployment and supplemental nutrition assistance program ("SNAP") benefits. He alleges that individual employees of the Mississippi Department of Employment Security ("MDES") and Mississippi Department of Human Services ("MDHS") – Defendants Spears and Crosby – violated his constitutional rights by denying the benefits, and that an administrative law judge ("ALJ") – Defendant Nelson – violated his constitutional rights by denying his appeal. He filed this action, asserting claims against Defendants Spears, Crosby, and Nelson under Section 1983 for violation of the Fourteenth Amendment right to due process. He seeks monetary damages, and declaratory and injunctive relief. Defendants filed motions for summary judgment [30, 37], which are now ripe for review.[1]

---

[1]Plaintiff responded [34] to the motion filed by Defendants Spears and Crosby, but he failed to timely respond to the motion filed by Defendant Nelson. *See* Order,

## II. SPEARS AND CROSBY MOTION FOR SUMMARY JUDGMENT [30]

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Plaintiff filed his initial claim for benefits [37-1] on December 21, 2012. On January 8, 2013, MDES denied his claim [30-2]. The Notice of Decision sent to him provides: "An investigation reveals you stated that you voluntarily left work because of the working conditions, however, you stated that you did not talk to anyone about your

---

No. 2:13-CV-80-KS-MTP (S.D. Miss. June 25, 2014), ECF No. 39 (providing briefing schedule on Defendant Nelson's motion for summary judgment).

complaints, you just mailed in anonymous letters. You have not shown good cause under the Mississippi Employment Security Law for voluntarily leaving this employment." Accordingly, he was disqualified from receiving benefits.

Defendant Diane Spears was the Chief Benefit Officer at the MDES, and Defendant Wendy Crosby was Plaintiff's caseworker at MDHS. Plaintiff asserted official and individual capacity claims under Section 1983 for the alleged violation of his Fourteenth Amendment right to due process.

### A.   *Official Capacity Claims*

Defendants Spears and Crosby argue that Plaintiff's Section 1983 claims against them in their official capacities are barred by the Eleventh Amendment. "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R.R. v. La. PSC*, 662 F.3d 336, 340 (5th Cir. 2011). Both MDES and MDHS are considered "arms" of the State of Mississippi. *See* MISS. CODE ANN. § 71-5-101; *Cannon v. Miss. Dep't of Empl. Sec.*, No. 3:11-CV-428-DPJ-FKB, 2012 U.S. Dist. LEXIS 93644, at *10 n. 2 (S.D. Miss. July 6, 2012); *Stewart v. Jackson County*, No. 1:07-CV-1270, 2008 U.S. Dist. LEXIS 95207, at *6 (S.D. Miss. Oct. 25, 2008). The Eleventh Amendment also bars suits against state officials in their official capacities, as such suits are actually against the state itself. *McKinley v. Abbot*, 643 F.3d 403, 406 (5th Cir. 2011).[2] Therefore, Plaintiff's claims for money damages against

---

[2] There are exceptions to the general rule. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 593 (5th Cir. 2006). States may consent to suit, *id.* at 594, or waive sovereign immunity. *Union Pac.*, 662 F.3d at 340. Immunity may be abrogated by Congress, *id.*, and it does not apply to lesser public entities such as municipalities. *Black*, 461 F.3d at 594. None of these exceptions apply here.

Defendants Spears and Crosby in their official capacities are barred by the Eleventh Amendment. *See Oliver*, 276 F.3d at 742 (Eleventh Amendment bars recovering § 1983 money damages from officials in their official capacity).

The Eleventh Amendment does not bar claims for prospective injunctive and declaratory relief, though. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). The *Ex parte Young* doctrine is a narrow "exception to Eleventh Amendment immunity for claims for prospective relief against state officials who have been sued in their official capacities." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008). Under *Ex parte Young*, the Court may grant "prospective relief to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985). To fall within the exception, a "suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

Liberally construing Plaintiff's Amended Complaint [14], he has not requested prospective injunctive and declaratory relief. In pertinent part, the Amended Complaint [14] provides:

> Plaintiff seeks a declaratory judgment and restraining order judgment in the amount of 50,000.00 dollars for each Defendant in this cause of action . . . .
> 
> \* \* \*
> 
> Plaintiff is seeking a restraining order immediately against the Defendant for (6) six month denial of government assistance six month of food stamps, total 200.00 hundred dollars per month . . . .
> 
> \* \* \*
> 
> Plaintiff seeks immediately a restraining order against the defendants for

the purpose amount for the year 2012-2013 12,220 dollars . . . .

Plaintiff characterized each of these demands as demands for declaratory or injunctive relief, but they are actually demands for damages as compensation for a past injury. Accordingly, they do not fall within the scope of *Ex parte Young*, and they are barred by the Eleventh Amendment. *Nelson*, 535 F.3d at 322.

### B.   *Individual Capacity Claims*

Plaintiff also asserted Section 1983 claims for the violation of his Fourteenth Amendment due process rights against Spears and Crosby in their individual capacities. Among other things, Spears and Crosby argue that they enjoy qualified immunity from liability. A state official sued in his individual capacity under Section 1983 is protected by qualified immunity insofar as his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

The qualified immunity analysis has two steps. *Brumfield v. Hollins*, 551 F.3d 322, 326-27 (5th Cir. 2008). First, the Court must determine whether Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether Defendants Crosby and Spears "violated an actual constitutional right." *Id.* at 326. Second, the Court must determine whether Plaintiff presented sufficient evidence to create a genuine dispute of material fact as to whether Defendants' "actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* The Court

5

may consider these questions in the order it wishes. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

Plaintiff presented no evidence demonstrating that Defendants' actions were objectively unreasonable. In fact, Plaintiff failed to allege any specific actions or inactions committed by Spears or Crosby. Therefore, the Court finds that Plaintiff failed to rebut their claim of qualified immunity.

For these reasons, the Court grants the Motion for Summary Judgment [30] filed by Defendants Dianne Spears and Wendy Crosby.

### III. NELSON MOTION FOR SUMMARY JUDGMENT [37]

Plaintiff filed his initial claim for benefits [37-1] on December 21, 2012. On January 8, 2013, MDES denied his claim, explaining that he did not qualify for unemployment benefits because he had failed to show good cause for voluntarily leaving employment. Plaintiff appealed the decision. On January 24, 2103, the ALJ – Defendant Nelson – noticed a telephonic hearing for February 5, 2013, at 9:30 a.m. [37-3]. The notice instructed Plaintiff to provide a telephone number at which he could be reached, and it further stated: "If the Judge does not call you within 10 minutes after the scheduled start time, you should call 601-[redacted]." Plaintiff failed to call in to the telephonic hearing, and on February 6, 2014, the ALJ dismissed [37-4] his appeal as abandoned.[3] Plaintiff did not appeal the dismissal.

Plaintiff claims that Defendant Nelson's failure to call him for the hearing and

---

[3]The Mississippi Court of Appeals has affirmed the MDES's authority to dismiss an appeal for a claimant's failure to appear for a hearing. *Miss. Dep't of Empl. Sec. v. Johnson*, 977 So. 2d 1273, 1275-76 (Miss. Ct. App. 2008).

dismissal of his appeal violate the Fourteenth Amendment due process clause. "The Supreme Court has granted absolute immunity to judges in the performance of their judicial duties." *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 745, 102 S. Ct. 2690, 2699, 73 L. Ed. 2d 349 (1982)). "Officials whose responsibilities are 'functionally comparable' to those of a judge are also absolutely immune from damages liability." *Id.* Therefore, administrative law judges are absolutely immune from damages liability for judicial acts. *Id.* (citing *Butz v. Economou*, 438 U.S. 478, 513-14, 98 S. Ct. 2894, 2914-15, 57 L. Ed. 2d 895 (1978) (finding administrative law judge absolutely immune from damages liability for performing adjudicatory functions)); *see also Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (administrative law judges are absolutely immune from liability for judicial acts).

Defendant Nelson's alleged actions – failing to call Plaintiff for a telephonic hearing, and dismissing his appeal for his failure to appear for a telephonic hearing – were judicial acts. *See* 20-101 MISS. CODE R. §§ 200.04(A), 200.05 (LexisNexis 2014). Therefore, Defendant Nelson is absolutely immune from damages liability for those acts. *Butz*, 438 U.S. at 513-14; *Hulsey*, 63 F.3d at 356; *Johnson*, 870 F.2d at 995. Furthermore, "[a]lthough judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions," Plaintiff can not obtain injunctive or declaratory relief against Defendant Nelson because "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, No. 13-30893, 2014 U.S. App. LEXIS 4433, at *2 (5th Cir. Mar. 10, 2014) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985); *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275,

7

1276 (5th Cir. 1973)).[4] Accordingly, the Court grants Defendant Nelson's Motion for Summary Judgment [37].

### IV. CONCLUSION

For the reasons stated above, the Court **grants** the Motion for Summary Judgment [30] filed by Defendants Dianne Spears and Wendy Crosby and **grants** the Motion for Summary Judgment [37] filed by Defendant Kim Nelson. The Court will enter a separate Final Judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 17th day of July, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[4]The Court further notes that Plaintiff has no viable due process claim against Defendant Nelson. MDES regulations provide a procedure for setting aside the dismissal of an appeal for failure to prosecute. 20-101 MISS. CODE R. § 200.05(B) (LexisNexis 2014). Plaintiff failed to avail himself of that procedure. His "failure to exhaust administrative . . . remedies is fatal to his due process claim." *Salinas v. Tex. Workforce Comm'n*, No. 13-51125, 2014 U.S. App. LEXIS 11540, at *6 (5th Cir. June 19, 2014) (citing *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 519 (5th Cir. 1999)). Furthermore, Plaintiff's claims for declaratory and injunctive relief are actually claims for money damages, as explained above.